### JACK BESONER & ASSOCIATES v. SQUARCIA.
No. 211210.

Small Claims Court, Dade County.

October 6, 1970.

Sherouse, Corlett, Merritt, Killian & Okell, Miami, for plaintiff.

Silver S. Squarcia, defendant, in pro. per.

SIDNEY L. SEGALL, Judge.

Final judgment is rendered for the plaintiff in the sum of $40, plus $12.41 court costs.

The issue herein is governed by the general rule of law determining the liability of an agent for a disclosed principal.

The material facts are uncontroverted. Defendant attorney employed plaintiff to report the testimony at a final hearing in a divorce action pending in the circuit court, Judge Harold Vann's division. Shortly after the final hearing defendant requested plaintiff to delay the transcribing of the testimony until he could discuss the matter of compensation for such services with his client, the plaintiff in the case, who was hospitalized with a serious illness.

In the divorce action Judge Vann entered an order dated January 12, 1970 directing defendant's client, Donald E. Holliday, plaintiff therein, to pay the court reporter within 30 days. The final hearing took place on September 23, 1968, and the testimony was transcribed on or about November 14, 1968.

Judge Vann testified by deposition in the instant action (plaintiff's exhibit 1) on March 19, 1970, that it was his policy to require a transcript of the testimony at the final hearing prepared and filed by the court reporter.

Plaintiff's claim is based upon the services rendered in preparing and filing the transcript in compliance with Judge Vann's court policy.

Plaintiff does not deny that the attorney for plaintiff in the divorce action (defendant herein) requested plaintiff not to transcribe the testimony because his client was seriously ill in the hospital and that he wanted to discuss the matter with him.

The court concludes that an administrative rule or internal court policy in reference to a mandatory transcript of testimony in divorce actions does not constitute a part of the contract, express or implied, for services of a reporter by the attorney for the plaintiff in the case. In this case the attorney's request for a delay in transcribing the testimony was in effect a direction to the plaintiff that the attorney would not be personally obligated, and constituted notice

to the court reporter that he would have to look to defendant's client for his fee if he transcribed the testimony contrary to his request to refrain until the matter could be resolved with his client.

Under the circumstances of the case plaintiff could not rely upon the general rule holding an attorney liable for an obligation incurred as agent for an undisclosed principal. Here, there was sufficient notice to the court reporter that the attorney was disclaiming responsibility as agent until he could clear the matter of payment with his client. From that moment on the court reporter was under a duty to inquire and to look to the litigant (defendant's client) for payment.

On the basis of the foregoing plaintiff's recovery is limited to the per diem attendance fee at the divorce hearing.